UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DOMINGO ANTONIO LOPEZ,                  :

           Petitioner                  :       CIVIL ACTION NO. 3:26-673

      v.                            :          (JUDGE MANNION)

WARDEN, Pike County               :
Correctional Facility, *et al.*,

                        :

       Respondents

## MEMORANDUM

Pending before the court is petitioner Domingo Antonio Lopez's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, Lopez's petition will be **GRANTED**.

## I.    BACKGROUND

Petitioner Domingo Antonio Lopez, a citizen of the Dominican Republic, entered the United States through JFK International Airport in New York City on May 11, 1994, as an alien child of a lawful permanent resident. (Doc. 4-2 at 3). He is currently a lawful permanent resident. *Id.* He is married to a lawful permanent resident with whom he has two children, who are citizens of the United States. *Id.* at 4.

On April 23, 2004, Lopez was arrested by the New York City Police and charged under New York state law with criminal possession of a narcotic

with intent to sell and criminal possession of a weapon with intent to use. *Id.* He was convicted and sentenced to three years of probation. *Id.* On March 20, 2008, Lopez was again arrested and later, on November 4, 2010, convicted in the United States District Court for the Eastern District of New York for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §841(b)(1)(A). *Id.* He was sentenced to time served and supervised release. *Id.*

On October 24, 2019, Lopez filed for citizenship, which was denied on January 13, 2022, for "Poor Moral Character/False Testimony." (Doc. 4-2 at 3).

On September 7, 2025, Lopez was arrested by the Scranton Police Department and charged with stalking and related offenses, following a domestic dispute. *Id.*; (Doc. 1 at ¶ 17). An immigration detainer was then placed with the Lackawanna County Prison. (Doc. 4-2 at 3). The case was dismissed on October 21, 2025, after the alleged victim failed to appear in court. *Id.* at 4. The next day, Lopez was taken into custody by Immigration and Customs Enforcement ("ICE"), pursuant to the detainer. *Id.* at 3.

That same day, a Notice to Appear ("NTA") was issued, charging Lopez as inadmissible pursuant to §§212(a)(2)(A)(iii) and 237(a)(2)(B)(i) of

the Immigration and Nationality Act ("INA"). *Id.* at 4-5. The NTA scheduled a hearing for November 3, 2025, via video with the immigration court in Elizabeth, New Jersey. *Id.* at 2. On January 9, 2026, the Department of Homeland Security ("DHS") filed its evidence with the immigration court. (Doc. 4-4). Lopez requested a custody redetermination, which was denied by the immigration court on February 2, 2026, for lack of jurisdiction because of his mandatory detention under 8 U.S.C. §1226(c). (Doc. 4-5). A hearing before the immigration court was scheduled for April 27, 2026. (Doc. 4-7).

Lopez is currently detained at the Pike County Correctional Facility in Lords Valley, Pennsylvania. On March 16, 2026, Lopez filed the present petition for writ of habeas corpus, challenging the applicability of his detention under §1226(c), as well as the lawfulness of his prolonged detention without a bond hearing. (Doc. 1). The next day, the court ordered the respondents to show cause by April 7, 2026, as to why his petition should not be granted. (Doc. 2). On April 7, the respondents filed their response to the petition. (Doc. 4). Finally, on April 22, 2026, Lopez filed his reply to their response. (Doc. 5). Lopez's petition is thus ripe for disposition.

## II.    LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus where a petitioner is "in custody under or by color of the

- 3 -

authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

### III. DISCUSSION

#### a. Jurisdiction

The court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited is some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii).

§1252(g) states "[e]xcept as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. §1252(g). Here, the court's jurisdiction is not barred by §1252(g) as Lopez's claim neither challenges the commencement

- 4 -

of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g)(2) divests the court of jurisdiction "only to [these] three discrete actions").

§1252(b)(9) states "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the court's jurisdiction is not barred by §1252(b)(9) as Lopez does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process").

§1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as Lopez does not challenge a discretionary detention choice. *See Patel v. O'Neil*, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("section 1252(a)(2)(B)(ii) is inapposite because the Respondents'

'statutory detention power is "not a matter of discretion" to which §1252(a)(2)(B)(ii) applies'") (internal citations omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

### b. Exhaustion of administrative remedies

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, as Lopez is detained under 8 U.S.C. §1226(c), which precludes immigration judges from holding a bond hearing. *See id.*; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (holding that an immigration judge "has no authority to consider bond requests for any person who entered the United States without admission").

### c. Lopez's detention under 8 U.S.C. §1226(c) is proper.

8 U.S.C. §1226(c)(1)(B) provides that "[t]he Attorney General shall take into custody any individual who . . . is deportable by reason of having committed any offense covered in section 1227 . . . (B) . . . of this title." 8 U.S.C. §1227(B)(i) provides that "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of title 21), other than a single offense involving possession for one's own use of 30 grams or less or marijuana, is deportable."

Lopez has a prior conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §841(b)(1)(A). Accordingly, his arguments regarding the applicability of §1226(c) are without merit. He is detained under the proper statutory provision.

### d. Lopez's detention has become unreasonably prolonged, entitling him to an individualized bond hearing.

"To determine whether prolonged detention is unreasonable, a 'highly-specific-fact-inquiry,' this Court must consider 'a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable.'" *Rahmatov v. Lowe*, 2026 WL 837974, *2 (M.D.Pa. Mar. 26,

- 7 -

2026) (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020)). "The most important factor is the duration of detention." *German Santos*, 965 F.3d at 211. Duration is "evaluate[d] . . . along with all other circumstances," including: (1) "whether the detention is likely to continue," (2) "the reasons for the delay," and (3) "whether the alien's conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 476-77 (3d Cir. 2015)).

With respect to Lopez's duration of detention, he has been in immigration custody since October 22, 2025, i.e., for just over six months. In *German Santos*, the Third Circuit noted that "detention becomes more and more suspect after five months," and that "detention became unreasonable sometime between six months and one year." *Id.* This factor currently weighs against relief, and the court notes that "9.5 months is less than the periods typically found unreasonable in this district." *Yirenkyi v. Hoover*, 2026 WL 268230, at *4 (M.D.Pa. Feb. 2, 2026).

However, the court also recognizes that the first factor may soon weigh in favor of relief. Indeed, the court must consider whether Lopez's detention is likely to continue. The court finds that it is, as immigration proceedings with respect to his removability are still ongoing, and depending on the outcome,

- 8 -

could later go through a lengthy appeals process. Furthermore, the respondents have provided no indication that his detention is not likely to continue, instead arguing that "this factor relies on unhelpful hypothesizing of future events." (Doc. 4 at 17).

As for the reasons for delay, a review of Lopez's proceedings reveals that neither party is responsible. Accordingly, this factor neither weighs in favor of nor against relief.

Finally, the court finds that Lopez's conditions of confinement are not meaningfully different from criminal punishment. *See German Santos*, 935 F.3d 203 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment); *see also Rahmatov*, 2026 WL 837974, at *3 (holding that petitioner's confinement at Pike County Correctional Facility "looks penal"). The respondents argue that "[a]lthough Lopez is confined in Pike County Correctional Facility, he is not housed in a cell for twenty-three hours a day [like the petitioner in *German Santos*] nor has he identified other punitive conditions of confinement." (Doc. 4 at 18). The court is unpersuaded by this argument. A petitioner obviously need not be detained under such extremely punitive conditions as twenty-three hours a day in one's cell for their confinement to be akin to criminal punishment. The mere fact that Lopez, a civil immigration detainee, is housed in a criminal

facility among criminals suffices to show that his conditions of confinement do not meaningfully differ from criminal punishment. Where, as here, "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *German Santos*, 965 F.3d at 211.

Thus, upon weighing the *German Santos* factors, the court finds that Lopez's detention under 8 U.S.C. §1226(c) has become unreasonable. He has been detained for over six months with no indication that his detention will end anytime soon, and his detention appears penal in nature. Accordingly, Lopez is entitled to a prompt and individualized bond hearing, where "the Government must put forth clear and convincing evidence that continued detention is necessary" and show that Lopez "would likely flee or pose a danger to the community if released." *Id.* at 213. The court notes that the respondents argue that Lopez is not entitled to a second bond hearing, and that the court may not review the Attorney General's judgment regarding bond hearings for aliens in removal proceedings. (Doc. 4 at 6). However, respondents mischaracterize the nature of Lopez's first bond "hearing," as there was no hearing. The immigration court simply denied Lopez's request for a custody redetermination based on lack of jurisdiction. (Doc. 4-5). By ordering a bond hearing now, this court is neither authorizing a second bond hearing, nor reviewing the Attorney General's judgment regarding bond

hearings for aliens in removal proceedings. If the respondents were correct, then no individual subject to a mandatory detention provision that does not provide opportunity for a bond hearing—like §1226(c)—would ever be entitled to one. The court would simply have to defer to the fact that the petitioner was denied a bond hearing from the outset. As the case law makes clear, that is plainly not the case.

### e.  EAJA fees and costs

Lopez will be permitted to file a motion for costs and fees pursuant to the Equal Access to Justice Act ("EAJA") within thirty days of the entry of this judgment. *See Michelin v. Warden Moshannon Valley Correctional Center*, --F.4th--, 2026 WL 263843 (3d Cir. Feb. 2, 2026) (holding that a petition for a writ of habeas corpus from immigration detention under §2241 is an EAJA "civil action," entitling petitioners to attorneys' fees and costs if the Government's position was not "substantially justified").

- 11 -

## IV.    CONCLUSION

For the foregoing reasons, Lopez's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED**. Respondents will be required to provide Lopez with an individualized bond hearing before an immigration judge within fourteen days. An appropriate order shall issue.


MALACHY E. MANNION
United States District Judge

DATE: 4/28/26
26-673-01

- 12 -