**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DOMINGO ANTONIO LOPEZ,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-673** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN, Pike County Correctional Facility, *et al.*,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Pending before the Court is Petitioner Domingo Antonio Lopez's ("Petitioner") "emergency motion to reopen habeas proceedings in order to challenge the immigration court's denial of bond and status report pursuant to the Court's order," (**Doc. 8**), which the Court construes as a motion to enforce the Court's April 28, 2026 Order, (Doc. 7), granting his request for a bond hearing. Also before the Court is Petitioner's emergency motion to expedite ruling on his motion to reopen habeas proceedings. (**Doc. 9**). For the reasons stated herein, the motion to enforce will be **GRANTED** insofar as it requests a new bond hearing before an immigration judge. The motion to enforce will also be **GRANTED** as to Petitioner's request to withdraw his counsel and proceed *pro se* on his pending motions. Petitioner's motion to expedite will be **DISMISSED AS MOOT**.

## I. BACKGROUND

The matter before the Court arises from Petitioner's petition for a writ of habeas corpus, which he filed on March 16, 2026. (Doc. 1). Upon review of that petition, the Court found that Petitioner's detention under 8 U.S.C. §1226(c) without a bond hearing had become unreasonably prolonged. (Doc. 6 at 10). Accordingly, the Court ordered that the Government provide Petitioner a bond hearing before an immigration judge ("IJ"), where the Government bore the burden to demonstrate that Petitioner's continued detention was necessary and that Petitioner constituted a flight risk or posed a danger to the community if released. (Doc. 7).

On September 22, 2026, Petitioner filed an "emergency motion to reopen habeas proceedings in order to challenge the immigration court's denial of bond and status report pursuant to the Court's order," (Doc. 8), which the Court construes as a motion to enforce the Court's April 28, 2026 Order, (Doc. 7), granting his request for a bond hearing. Petitioner's motion to enforce also requested that Petitioner's counsel be withdrawn and for Petitioner to proceed *pro se*. (Doc. 8 at 3-4). On October 16, 2026, Petitioner filed a motion to expedite ruling on his motion to enforce. (Doc. 9). On October 19, 2026, the Court ordered Petitioner's counsel to respond to Petitioner's request to withdraw counsel. (Doc. 10). On October 21, 2026,

the Court ordered the Government to respond to the motion to enforce. (Doc. 11). Petitioner's counsel responded to the request to withdraw counsel on October 23, 2026. (Doc. 12). The Government filed a brief in opposition to the motion to enforce on October 30, 2026. (Doc. 13).

## II. DISCUSSION

### a. Motion to enforce the Court's April 28, 2026 Order

Petitioner argues that the bond hearing provided by the Government was fundamentally unfair in violation of the Court's Order, and requests that the Court reopen his proceedings so that he can challenge the fairness of his prior bond hearing. (Doc. 8 at 1). In response, the Government argues that the Court lacks jurisdiction to review the IJ's decision, that Petitioner failed to exhaust administrative remedies, and that the IJ properly conducted an individualized bond hearing. (Doc. 13 at 1).

Starting with the question of exhaustion, "[a] petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). To the extent Petitioner is challenging the constitutionality of his bond hearing, the due process

challenge is properly within this Court's jurisdiction. A challenge of the merits would appropriately be made to the Board of Immigration Appeals.

Indeed, while the Court cannot review an IJ's decision, an exception exists which allows the Court to "review whether the bond hearing was fundamentally unfair." *Ghanem v. Warden Essex Cnty. Corr. Facility*, 2022 WL 574624, *2 (3d Cir. 2022); *see also* 8 U.S.C. §1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *White v. Lowe*, 2025 WL 3187511, *2 (M.D.Pa. Nov. 14, 2025) ("The Third Circuit has repeatedly recognized that this language means what it says: courts may not reverse an administrative decision denying bond in an immigration proceeding." (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018)).

Further, federal courts have "the inherent power to enforce [their] own orders." *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 194 (3d Cir. 2020) (citations and internal quotation marks omitted). Consequently, several courts of appeals, including the Third Circuit Court of Appeals, have concluded that district courts retain jurisdiction to determine whether a respondent has complied with the terms of a conditional order granting habeas relief. *See Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007)

("The District Court had continuing jurisdiction under 28 U.S.C. §§1331 and 2254 over Gibbs' application for release from confinement." (citations omitted)); *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) ("When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance."); *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) (explaining that an immigration detainee was "correct that the district court had authority to review compliance with its earlier order" directing that the detainee receive a bond hearing before an immigration judge); *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir. 2006) ("A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case." (citation and internal quotation marks omitted)).

District judges in this District and the Third Circuit have reached similar conclusions. *See, e.g.*, *Santos v. Lowe*, No. 18-cv-1553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020) ("[D]istrict courts have continuing jurisdiction to address alleged noncompliance with writs of habeas corpus." (citing *Gibbs*, 500 F.3d at 205)); *Wilkins v. Doll*, No. 17-cv-2354, 2018 WL 3388032, at *2 (M.D. Pa. July 12, 2018) ("There is no question that this court has the power to enforce its writs of habeas corpus." (citing *Sylvain v. Att'y Gen. of U.S.*, 714 F.3d 150, 155 (3d Cir. 2013) and *Singh v. Holder*, 638 F.3d 1196, 1202

(9th Cir. 2011))); *Morgan v. Oddo*, No. 24-cv-221, 2025 WL 2653707, at *3 (W.D. Pa. Sept. 16, 2025) ("As a general proposition, it is beyond reasonable dispute that a habeas court retains jurisdiction to enforce compliance with an order conditionally granting the writ." (citations omitted)); *K.A. v. Green*, No. 18-cv-3436, 2018 WL 4676049, at *2 (D.N.J. Sept. 28, 2018) ("Following the grant of habeas relief, a district court retains continuing jurisdiction to address alleged failures to comply with the court's orders." (citing *Gibbs*, 500 F.3d at 205-06)).

The Court's April 28, 2026 Memorandum found that Petitioner's detention under 8 U.S.C. §1226(c) without a bond hearing had become unreasonably prolonged. (Doc. 6 at 10). The Court ordered the Government to provide Petitioner with a bond hearing "where the Government must establish that continued detention is necessary and that [Petitioner] constitutes a flight risk or poses a danger to the community if released." (Doc. 7). The burden is properly placed on the Government during a §1226(c) detainee's bond hearing. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213 (3d Cir. 2020) (holding "the Government bears the burden of justifying an alien's continued detention under §1226(c)" by "clear and convincing evidence that continued detention is necessary.").

Yet, the IJ inconsistently described which party bore the burden of proof between the bond hearing and the written order. At the bond hearing, the IJ stated:

> **JUDGE FOR THE RECORD:** So we're here today pursuant to a District Court order ordering a bond hearing for this individual with the burden on the Department to establish that continued detention is necessary because the Respondent constitutes either a flight risk or poses a danger to the community. So we will be holding that hearing today. . . .

(Doc. 13-4 at 5); *see also id.* at 9 (JUDGE FOR THE RECORD: . . . This is a burden-shifted hearing as far as these elements go. So the burden is on the Department. . . .). In contrast, the IJ's written order states:

> The Court has held an individualized bond hearing under 8 USC Section 1226(a), as directed by order of the district court. Respondent has failed to meet his burden of establishing that he is not a danger to the community.

(Doc. 13-5 at 2).

The IJ's written order not only places the burden on Petitioner instead of the Government but also cites to §1226(a) instead of §1226(c), despite Petitioner's detention under §1226(c). At a minimum, there is uncertainty regarding what standard of proof the IJ applied to Petitioner's custody redetermination. This inconsistency is cause for a new bond hearing. *See Akhmedov v. Pittman*, No. 2:25-cv-13734, 2026 WL 323404 at *3 (D.N.J Feb.

6, 2026) ("Accordingly, the Court orders that the Immigration Court shall provide Petitioner with a new bond hearing applying the appropriate standard of proof because it is unclear what standard of proof the Immigration Court applied during the bond hearing.").[1]

**b. Motion to withdraw Petitioner's counsel and for Petitioner to proceed *pro se***

Petitioner requests that "the court should remove or withdraw counsel' from his case," direct future mail directly to Petitioner, and states that "Petitioner will be proceeding pro, se." (Doc. 8 at 3-4). Petitioner's counsel does not oppose Petitioner's request to proceed *pro se* and asks the Court to grant Petitioner's request and withdraw counsel from further representation. (Doc. 12). Accordingly, the Court will grant Petitioner's request to remove his counsel and proceed *pro se* on his remaining motions.

## III. CONCLUSION

For the foregoing reasons, Petitioner's motion to enforce will be **GRANTED** insofar as it requests a new bond hearing before an immigration judge. The Government will be required to provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. §1226 within fourteen

---

[1] Because the Court will order a new bond hearing, it does not reach the merits of Petitioner's other arguments regarding the fundamental fairness of his May 11, 2026 bond hearing.

days of the Court's accompanying Order, at which the Government shall bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213-14. The Government will also be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner received a bond hearing in accordance with this Memorandum. The motion to enforce will also be **GRANTED** as to Petitioner's request to withdraw his counsel and proceed *pro se* on his pending motions. Petitioner's motion to expedite will be **DISMISSED AS MOOT**. An appropriate order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/4/26
26-673-02